1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
9           CENTRAL DISTRICT OF CALIFORNIA
10
11   HARLAN PARKER EDMONDS,           )   Case No. ED CV 15-2027-SP
12              Plaintiff,            )
13        v.                          )   MEMORANDUM OPINION AND
                                      )   ORDER
14                                    )
15   NANCY A. BERRYHILL, Acting       )
     Commissioner of Social Security  )
16   Administration,                  )
                                      )
17              Defendant.            )
18   _____ )
19                    **I.**
20             **INTRODUCTION**
21        On October 1, 2015, plaintiff Harlan Parker Edmonds filed a complaint
22   against defendant, the Commissioner of the Social Security Administration
23   ("Commissioner"),[1] seeking a review of a denial of a period of disability, disability
24   insurance benefits ("DIB"), and supplemental security income ("SSI").  The parties
25

26   _____

27   [1]   Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill, the current Acting
     Commissioner of Social Security Administration, has been substituted as the
28   defendant.

                            1

have fully briefed the matters in dispute, and the court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one disputed issue for decision, whether the Administrative Law Judge ("ALJ") erred at step five.  Plaintiff's Memorandum in Support of Complaint ("P. Mem.") at 3-10; Memorandum in Support of Defendant's Answer ("D. Mem.") at 2-6.

Having carefully studied the parties' memoranda on the issue in dispute, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ did not err at step five.  Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was forty-five years old on the alleged disability onset date, is a high school graduate who completed one year of college.  AR at 43, 59, 163. Plaintiff has past relevant work as a service manager.  *Id*. at 55.

On April 16, 2012, plaintiff protectively filed applications for a period of disability, DIB, and SSI, alleging an onset date of May 7, 2010 due to chronic obstructive pulmonary disease ("COPD"), degenerative disc disease, and right knee problems.[2]  *Id*. at 59, 65.  The Commissioner denied plaintiff's applications initially and upon reconsideration, after which he filed a request for a hearing.  *Id*. at 87-90, 94-98.

On November 26, 2013, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ.  *Id*. at 35-58.  The ALJ also heard testimony from Gloria Lasoff, a vocational expert ("VE").  *Id*. at 54-58.  At the hearing,

---

[2]  Plaintiff filed three prior applications for DIB and SSI, on April 9, 2008 and February 24, 2009.  AR at 60.  The prior applications were denied at the initial level.  *Id*.

2

1 plaintiff amended the application to allege a closed period from May 7, 2010

2 through February 4, 2013.[3]  *Id*. at 38, 40.  On January 13, 2014, the ALJ denied

3 plaintiff's claim for benefits.  *Id*. at 24-31.

4      Applying the well-known five-step sequential evaluation process, the ALJ

5 found, at step one, that plaintiff had not engaged in substantial gainful activity

6 from May 7, 2010 through February 4, 2013, the amended alleged closed period.

7 *Id*. at 26.

8      At step two, the ALJ found plaintiff suffered from the following severe

9 impairments:  COPD; degenerative disc disease; degenerative joint disease; and

10 obesity.  *Id*.

11      At step three, the ALJ found plaintiff's impairments, whether individually or

12 in combination, did not meet or medically equal one of the listed impairments set

13 forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings").  *Id*. at 27.

14      The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[4] and

15 determined he had the RFC to perform light work with the limitations that plaintiff:

16 could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and

17 stairs; could not climb ladders, ropes, or scaffolds; could not be exposed to

18 hazards; could not have concentrated exposure to pulmonary irritants, extreme

19 cold, or vibration; and required a job where he could sit and stand or walk as

20 needed.  *Id*. at 27.

21

22

23    [3]  On February 4, 2013, plaintiff re-engaged in substantial gainful activity as a
service manager.  AR at 39.

24

25    [4]  Residual functional capacity is what a claimant can do despite existing
exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155-

26 56 n.5-7 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation,
the ALJ must proceed to an intermediate step in which the ALJ assesses the

27 claimant's residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151

28 n.2 (9th Cir. 2007).

1  The ALJ found, at step four, that plaintiff was unable to perform his past

2  relevant work as a service manager. *Id*. at 29-30.

3  At step five, the ALJ found that given plaintiff's age, education, work

4  experience, and RFC, there were jobs that existed in significant numbers in the

5  national economy that plaintiff could perform, including office helper, information

6  clerk, and cashier II. *Id*. at 30-31. Consequently, the ALJ concluded plaintiff did

7  not suffer from a disability as defined by the Social Security Act ("Act" or "SSA").

8  *Id.* at 31.

9  Plaintiff filed a timely request for review of the ALJ's decision, which was

10  denied by the Appeals Council. *Id.* at 9-11. The ALJ's decision stands as the final

11  decision of the Commissioner.

12  **III.**

13  **STANDARD OF REVIEW**

14  This court is empowered to review decisions by the Commissioner to deny

15  benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security

16  Administration must be upheld if they are free of legal error and supported by

17  substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001)

18  (as amended). But if the court determines that the ALJ's findings are based on

19  legal error or are not supported by substantial evidence in the record, the court may

20  reject the findings and set aside the decision to deny benefits. *Aukland v.*

21  *Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d

22  1144, 1147 (9th Cir. 2001).

23  "Substantial evidence is more than a mere scintilla, but less than a

24  preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such

25  "relevant evidence which a reasonable person might accept as adequate to support

26  a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276

27  F.3d at 459. To determine whether substantial evidence supports the ALJ's

28

4

1    finding, the reviewing court must review the administrative record as a whole,

2    "weighing both the evidence that supports and the evidence that detracts from the

3    ALJ's conclusion." *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be

4    affirmed simply by isolating a specific quantum of supporting evidence.'"

5    *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th

6    Cir. 1998)).  If the evidence can reasonably support either affirming or reversing

7    the ALJ's decision, the reviewing court "'may not substitute its judgment for that

8    of the ALJ.'"  *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir.

9    1992)).

10

**IV.**

**<u>DISCUSSION</u>**

12        Plaintiff contends the ALJ erred at step five because he erroneously relied on

13    the testimony of the vocational expert without asking the VE to resolve a conflict.

14    P. Mem. at 3-10.  The ALJ determined plaintiff required a sit/stand option and the

15    VE identified three jobs plaintiff could perform with that limitation.  But the

16    Dictionary of Occupational Titles ("DOT") is silent on the sit/stand option for

17    those jobs.  *See id*.  Plaintiff contends this constitutes a conflict and the ALJ was

18    required to inquire about the conflict in order to provide the VE the opportunity to

19    explain the deviation.  *See id*.  Without the explanation, plaintiff argues the VE's

20    testimony did not constitute substantial evidence.  *See id*.

21        At step five, the burden shifts to the Commissioner to show that the claimant

22    retains the ability to perform other gainful activity.  *Lounsbury v. Barnhart*, 468

23    F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not

24    disabled at step five, the Commissioner must provide evidence demonstrating that

25    other work exists in significant numbers in the national economy that the claimant

26    can perform, given his or her age, education, work experience, and RFC.  20

27    C.F.R. §§ 404.1512(f), 416.912(f).

28

ALJs routinely rely on the DOT "in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); *see also* 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (DOT is source of reliable job information). The DOT is the rebuttable presumptive authority on job classifications. *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. *Massachi*, 486 F.3d at 1152-53 (citing Social Security Ruling ("SSR") 00-4p). But failure to so inquire can be deemed harmless error where there is no apparent conflict or the VE provides sufficient support to justify deviation from the DOT. *Id.* at 1154 n.19.

In order for an ALJ to accept a VE's testimony that contradicts the DOT, the record must contain "'persuasive evidence to support the deviation.'" *Id.* at 1153 (quoting *Johnson*, 60 F.3d at 1435). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997) (citations omitted). Where the ALJ fails to obtain an explanation for and resolve an apparent conflict – even where the VE did not identify the conflict – the ALJ errs. *See Hernandez v. Astrue*, 2011 WL 223595, at *2-*5 (C.D. Cal. Jan. 21, 2011) (where VE incorrectly testified there was no conflict between her testimony and DOT, ALJ erred in relying on VE's testimony and failing to acknowledge or reconcile the apparent conflict); *Mkhitaryan v. Astrue*, 2010 WL 1752162, at *3 (C.D. Cal. Apr. 27, 2010) ("Because the ALJ incorrectly adopted the VE's conclusion that there was no apparent conflict [and] the ALJ provided no explanation for the deviation," the ALJ "therefore committed legal error warranting remand.").

1    At the outset of the VE's testimony here, the ALJ asked the VE if she was

2    familiar with the DOT, to which she replied in the affirmative.  AR at 54.  Then, in

3    response to a hypothetical person with the same RFC as plaintiff, the VE testified

4    that such person could perform work existing in the national economy including

5    the jobs of office helper (DOT 239.567-010), information clerk (DOT 237.367-

6    018), and cashier II (DOT 211.462-010), all of which are light work.  *Id.* at 56.

7    The ALJ's failure to ask the VE whether her testimony conflicted with the

8    DOT constituted error.  Merely asking the VE whether she was familiar with the

9    DOT was not equivalent to asking the VE whether her testimony conflicted with it.

10   Nor was it equivalent to asking the VE to provide testimony consistent with the

11   DOT.  As such, the ALJ erred.

12   Nevertheless, the error was harmless because there was no conflict, either

13   obvious or apparent.  *See Massachi*, 486 F.3d at 1154, n.19.  The DOT is silent on

14   whether the identified jobs – or any of the jobs it lists – allow for a sit/stand option.

15   Thus, it cannot be said there was an obvious conflict.  The question then is whether

16   there was an apparent conflict that required the ALJ to conduct a further inquiry.

17   There is no controlling Ninth Circuit authority, and the courts in the circuit

18   have been divided, on the issue of whether there is an apparent conflict between a

19   VE's testimony that a claimant who requires a sit/stand option could perform

20   certain jobs and the DOT when it is silent on the sit/stand option.  *Compare*

21   *Coleman v. Astrue*, 423 Fed. Appx. 754, 756 (9th Cir. 2011) (finding there was an

22   apparent conflict between the VE's testimony that a claimant with a sit/stand

23   option could perform certain sedentary and light work and the DOT); *Urena v.*

24   *Colvin*, 2015 WL 5826786, at *5 (C.D. Cal. Sept. 30, 2015) (noting cases suggest

25   there is an apparent conflict between the DOT and VE when the VE testifies there

26   are jobs available for those who require a sit/stand option); *Hall v. Colvin*, 2015

27   WL 5708465, at *5 (C.D. Cal. Sept. 29, 2015) (there is a conflict when the VE

28

testified there were light jobs that did not have a sit/stand option but then failed to explain why the identified jobs could be performed with a sit/stand option); *with Dewey v. Colvin*, 650 Fed. Appx. 512, 514 (9th Cir. 2016) (there was no conflict between the VE's testimony about a claimant who requires a sit/stand option and DOT, where DOT was silent on whether the jobs allowed for a sit/stand option); *Posadas v. Colvin*, 2016 WL 7480252, at \*4 (C.D. Cal. Dec. 29, 2016) (ALJ was not required to ask the VE for an explanation because there was no apparent or obvious conflict between the VE's testimony and DOT, which was silent on the sit/stand option); *Villalpando v. Colvin*, 2016 WL 6839342, at \*5 (C.D. Cal. Nov. 21, 2016) (agreeing "there can be no conflict between the vocational expert's testimony and the DOT where . . . the DOT is silent on the subject in question").

The Third, Sixth, and Seventh Circuits have issued non-controlling opinions on this issue.  All found there was no conflict between a vocational expert's testimony and the DOT when the DOT is silent on the sit/stand option.  *See Sanborn v. Comm'r*, 613 Fed. Appx. 171, 177 (3d Cir. 2015); *Forrest v. Comm'r*, 591 Fed. Appx. 359, 364 (6th Cir. 2014); *Zblewski v. Astrue*, 302 Fed. Appx. 488, 494 (7th Cir. 2008).

Although there is a lack of controlling authority settling the issue, a recent Ninth Circuit decision provides guidance.  In *Gutierrez v. Colvin*, the Ninth Circuit held that for a conflict to be apparent, the VE's testimony must be at odds with the essential, integral, or expected requirements of a job.  844 F.3d 804, 808 (9th Cir. 2016) (regarding whether there was an apparent conflict between the VE's testimony that a claimant, who was precluded from lifting her right arm above her shoulder, could perform the job of cashier when the DOT specified the job involved frequent reaching).  Although *Gutierrez* did not address the exact issue here, it presented the approach for determining whether an apparent conflict exists.

Looking at the duties of office helper, information clerk, and cashier II as described by the DOT, none of the "essential, integral, or expected" requirements of the job would require plaintiff to sit or stand the entire time without changing positions, with the possible exception of office helper.  Both the information clerk (DOT 237.367-018) and cashier II (DOT 211.462-010) positions involve assisting customers, either by providing them with travel information or by receiving payment from customers for goods or services received.  There is nothing in the "essential, integral, or expected" duties to suggest these jobs could not be performed while either sitting or standing, and with the option to change positions. The office helper position (DOT 239.567-010) contemplates the employee will perform any combination of a variety of duties in a business or commercial office, most of which would appear to involve frequent changes of position and could well accommodate a sit/stand option.  But because the possible duties include specializing in deliveries between departments, which might require extensive walking and standing, it is possible some portion of office helper jobs could not readily accommodate a sit/stand option.

Even if the court assumes there may be an apparent conflict as to the office helper position, however, there is none between the VE's testimony and the DOT when considering the essential, integral, and expected duties of the information clerk and cashier II jobs.  Given *Gutierrez* and the most recent Ninth Circuit opinion on this issue, *Dewey*, this court thus finds there was no obvious or apparent conflict between the VE's testimony and the DOT as to the information clerk and cashier II jobs.  The VE testified that, combined, these two latter jobs have 57,000 positions regionally and 3,042,000 positions nationally.  AR at 56.  Accordingly, the ALJ's failure to ask the VE whether there was a conflict was harmless, and the ALJ therefore did not err at step five in concluding there are jobs that exist in significant numbers in the national economy that plaintiff can perform.

# V.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED:  March 31, 2017

_____
SHERI PYM
United States Magistrate Judge